ber or value of those articles. This would be so, because congress has required a definite service to be done by the collector, and has granted, for the performance of that service, a specific compensation. The statute gives no reward except for doing the individual act named; and no consideration of convenience to either or both of the parties, or saving of expense, by substituting another practice in place of that directed by law, will authorize a collector, colore officii, to charge and receive compensation for a service differing from that appointed by positive law.

Numerous adjudications in the courts of the United States in this district have declared that, when a rate of fees to an officer of court is established by statute for a particular service, it is illegal in the officer to charge or accept a greater fee for that service.

The rule is equally stringent in the state courts. An action of assumpsit will lie by the party making payment, against the officer, to recover back the overcharge. M'Intyre v. Trumbull, 7 Johns. 35. And, if the act be done corruptly, it is extortion, and subjects the officer to. indictment. People v. Whaley, 6 Cow. 661.

The custom or usage alleged to prevail at this port, to make constructive charges for granting permits, whatever may be its notoriety or continuance, is void, both because it contravenes the spirit of the statute, and also because there is no warrant of law, except under the statute, for imposing any charge or fee for that official act. The defendant would, without the aid of the statute, be guilty of extortion, in levying fees of any kind for his official services.

The high character of the collector takes away every color of suspicion that, in these cases, he was actuated by any wrongful motives. He administered the office as he found his predecessors had done, and most probably these special details of duty were performed by his assistants, and his assent thereto, if ever given, was merely formal. The principle, however, is not affected, if these presumptions are admitted as facts. The collector is personally liable for the illegal acts of his deputy, in exacting a compensation not authorized by law. M'Intyre v. Trumbull, 7 Johns. 35. And it is not necessary to the maintenance of a civil action for the recovery of money wrongfully collected, that any turpitude should be proved against the officer. The suit in no way rests on any illegal purpose of the defendant in exacting the payment. It is well sustained, if his official power was exercised in the collection, without warrant of law. Maxwell v. Griswold, 10 How. [51 U. S.] 242. The payment was compulsorily obtained from the plaintiffs in this instance, and they are entitled to charge the collector with the amount, notwithstanding he received it for and paid it to the government. Ripley v. Gelston, 9 Johns. 201. Any charges or costs illegally exacted by an officer colore officii, may be recovered back from him by the common law action of indebitatus assumpsit. Clinton v. Strong, 9 Johns. 370.

We do not consider the objection that the action should be in the names of the individual passengers, and not in that of the ship-owners, as sustainable. In the absence of proof upon this point, the implication would be, that the passage money was all that the ship-owners could claim from passengers for their transportation to and delivery at the port of discharge. This presumption is fortified by the fact, that the owners assumed the satisfaction of these demands, and also that the defendant exacted payment from them. The demands must, therefore, be regarded as charges which the owners were bound to satisfy, as a condition to the unloading of the ship. If the demands were exacted illegally, the owners would have no remedy for them against the passengers, even if the passengers were bound to pay all proper port charges here.

We do not think that the act of February 26, 1845 (5 Stat. 727), applies to exactions of this character. The terms of that act, requiring notice in writing to be given to the collector of objections made to payments exacted by him, are expressly confined to duties paid. In all other respects, the parties stand upon their common law rights and liabilities; and, under those, the action in this case well lies, although the fees collected by the defendant were paid into the treasury before suit was brought. Ripley v. Gelston, ubi supra.

In our opinion, the collector has no authority to charge for any other permits than those actually issued, at twenty cents for each permit. In the present case, he has demanded and received payment for three hundred and seven permits, amounting to $61.40, when by law he was authorized to collect no more than forty cents, being twenty cents each for the two actually granted by him. Judgment must be entered for the plaintiffs, for the above excess, with interest.

---

## Case No. 10,459.

### OGDEN v. PARSONS.

[The case reported under above title in 37 Hunt. Mer. Mag. 710, and 38 Hunt. Mer. Mag. 710, is the same as Case No. 10,781.]

---

OGDEN (PARSONS v.).  See Case No. 10,781.

OGDEN (PIERSON v.).  See Case No. 11,160.

OGDEN (RIDGEWAY v.).  See Case No. 11,-814.